1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT FOR THE
7                 EASTERN DISTRICT OF CALIFORNIA
8
9  NORMAN HAYES SPECK,            )   No. CV-F-04-6168 OWW
                                  )   (No. CR-F-01-5404 OWW)
10                                )
                                  )   MEMORANDUM DECISION AND
11          Petitioner,           )   ORDER DENYING PETITIONER
                                  )   NORMAN HAYES SPECK'S MOTION
12      vs.                       )   TO VACATE, SET ASIDE OR
                                  )   CORRECT SENTENCE PURSUANT TO
13                                )   28 U.S.C. § 2255 AND
   UNITED STATES OF AMERICA,      )   DIRECTING CLERK OF COURT TO
14                                )   ENTER JUDGMENT FOR
                                  )   RESPONDENT
15          Respondent.           )
                                  )
16 _____)
17
18
19       On August 26, 2004, Petitioner Norman Hayes Speck filed a
20  motion to vacate, set aside or correct sentence pursuant to 28
    U.S.C. § 2255.
21
22       Petitioner was charged with one count of armed bank robbery
23  in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of
    carrying and brandishing a firearm during a crime of violence in
24
    violation of 18 U.S.C. § 924(c).  Petitioner pleaded guilty
25
26  pursuant to a written Plea Agreement to armed bank robbery.  The

                                   1

**Plea Agreement specifically provided:**

> **Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea and conviction.  This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal his plea and conviction on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.  The defendant, however, reserves the right to appeal his sentence.**

**Petitioner was sentenced on June 24, 2002 to 188 months incarceration.  Petitioner filed a Notice of Appeal.  Petitioner's conviction and sentence were affirmed by the Ninth Circuit on December 18, 2002.**

**As grounds for relief, Petitioner, relying on *Blakely v. Washington*, 542 U.S. 961 (2004), contends that his sentence "was enhanced based on a judge's finding by the 'preponderance of the evidence' standard in violation of Petitioner's right to jury determination of facts allowing enhancement, in violation of due process and jury trial right."**

**Petitioner's motion is DENIED.**

**Petitioner's motion was not filed within the one-year limitation applicable to Section 2255 motions and he makes no showing that he is entitled to equitable tolling.  Normally, Petitioner would be directed to file an amended motion, setting forth the facts upon which he relies in contending that the Section 2255 motion is timely or that he is entitled to equitable**

tolling.   Petitioner will not be directed to so amend because any amendment would be futile.   *Blakely* is not retroactive to cases on collateral review.   *Schardt v. Payne*, 414 F.3d 1025 (9th Cir.2005).[1]

For the reasons stated:

1.   Petitioner Norman Hayes Speck's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2.   The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

IT IS SO ORDERED.

Dated:   **August 14, 2008**              _____ **/s/ Oliver W. Wanger** _____
                                         UNITED STATES DISTRICT JUDGE

---

[1]**The same is true concerning *United States v. Booker*, 543 U.S. 220 (2005).   *United States v. Cruz*, 423 F.3d 1119 (9th Cir.2005), *cert. denied*, 546 U.S. 1155 (2006).**